## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

LISA BIPPEN AND DAN BIPPEN,

      Plaintiffs,

v.                             Case No. 2:19-cv-577-FtM-60MRM

331 5TH AVENUE, INC. D/B/A AREA,
HOME & DESIGN, JOEL HARTMANS
and MAREK GRACZ,

      Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on consideration of the report and recommendation of Mac R. McCoy, United States Magistrate Judge, entered on May 7, 2020.   (Doc. 22).   Judge McCoy recommends Plaintiffs' "Motion for Default Judgment" (Doc. 20) be granted in part and denied in part.   Specifically, Judge McCoy recommends: (1) the Court enter default judgment against Defendant 331 5th Avenue, Inc. d/b/a Area, Home & Design for breach of contract under Count I and find that Defendants Hartmans and Gracz were the alter-egos of the corporation and hold the individual Defendants liable for breach of contract under Count I; (2) the Court enter default judgment against Defendant Joel Hartmans for fraud under Count II; (3) the Court enter default judgment against Defendants 331 5th Avenue, Inc. d/b/a Area, Home & Design, Marek Gracz, and Joel Hartmans for statutory fraudulent transfer under Florida's Uniform Fraudulent Transfer Act under Count III; (4) the Court award Plaintiffs Lisa and Dan Bippen damages in

the amount of $185,680, with all three Defendants liable for that sum; and (5) to the extent Plaintiffs seek any greater or different relief, deny such request.   Neither Plaintiffs nor Defendants filed an objection to the report and recommendation, and the time to object has expired.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation.   28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982).   In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations.   28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo*, even in the absence of an objection.   *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994); *Castro Bobadilla v. Reno*, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), *aff'd*, 28 F.3d 116 (11th Cir. 1994) (table).

Upon due consideration of the record, including Judge McCoy's report and recommendation, the Court adopts the report and recommendation.   The Court agrees with Judge McCoy's detailed and well-reasoned factual findings and legal conclusions.   Consequently, Plaintiffs' "Motion for Default Judgment" (Doc. 20) is due to be granted.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)     Judge McCoy's report and recommendation (Doc. 22) is **AFFIRMED** and **ADOPTED** and **INCORPORATED BY REFERENCE** into this Order for all purposes, including appellate review.

(2)     Plaintiffs' "Motion for Default Judgment" (Doc. 20) is hereby **GRANTED IN PART** and **DENIED IN PART**.

(3)     The motion is **GRANTED** to the extent that the Court finds that Plaintiffs Lisa and Dan Bippen are entitled to final default judgment against Defendants 331 5th Avenue, Inc. d/b/a Area, Home & Design, Joel Hartmans, and Marek Gracz as follows:

(a)     The Clerk is directed to enter final default judgment in favor of Plaintiffs Lisa and Dan Bippen, and against Defendant 331 5th Avenue, Inc. d/b/a Area, Home & Design, and Joel Hartmans, and Marek Gracz as alter-egos of Defendant 331 5th Avenue, Inc. d/b/a Area, Home & Design, for breach of contract under Count I of the complaint (Doc. 1).

(b)     The Clerk is directed to enter final default judgment in favor of Plaintiffs Lisa and Dan Bippen, and against Defendant Joel Hartmans, for fraud under Count II of the complaint;

(c)     The Clerk is directed to enter final default judgment in favor of

Plaintiffs Lisa and Dan Bippen, and against Defendants 331 5th Avenue, Inc. d/b/a Area, Home & Design, Marek Gracz, and Joel Hartmans, for statutory fraudulent transfer under Florida's Uniform Fraudulent Transfer Act under Count III of the complaint; and

(d)   Plaintiffs Lisa and Dan Bippen are awarded damages in the total amount of $185,680.00, with all three Defendants liable for that sum.

(4)   The motion is **DENIED** to the extent Plaintiffs seek any greater or different relief.

(5)   The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Fort Myers, Florida, this 22nd day of May, 2020.

TOM BARBER
UNITED STATES DISTRICT JUDGE